The H. & T. C. R'y Co. v. The State of Texas.

(Case No. 1810.)

1. STATUTES CONSTRUED — PENALTY — RAILWAY COMPANY.— In a suit brought by the state against a railway company to recover a penalty, under art. 4250 (Rev. Stat.), for failing to make an annual report to the comptroller of public accounts as required by art. 4249, Rev. Stat., the fact that the state has shown no special damage resulting from the failure of the company to make its report, affords no defense to the action.

APPEAL from Harris.    Tried below before the Hon. James Masterson.

Suit on the relation of the attorney-general to recover a penalty of $1,000 under article 4250, Revised Statutes, for failing to make an annual report to the comptroller of public accounts, as required by article 4249, Revised Statutes.

The petition was filed December 27, 1881, and alleged the duty of appellant to make the report required of the operations of appellant's road for the year ending the 1st of October, 1881, and file it in the comptroller's office by the 20th of the same month.

It averred a failure on the part of appellant to make the report; and for this the penalty named in article 4250 was claimed.

Appellant filed answer, under oath, admitting that it had not made and filed the report within the time required by law, but denied that its failure to do so was either wilful or negligent. In excuse for such failure, it alleged that its freight and passenger business was largely dependent upon its connections with other lines of road, both in and out of the state, and with lines extending through most of the states of the United States, including Oregon, California and the British possessions in the Canadas. That such report as the law required could not be made until appellant had received reports from all its connecting lines, and the same had been examined and found correct; and that it was impossible to obtain the *data* up to the 1st of October and verify it and make the report required by the 20th of the month by the exercise of the greatest diligence and the neglect of its usual business.

It then avered that it did make and forward the report, and the same was received in the comptroller's office, without objection, on the same day this suit was filed.

That it was filed within a reasonable time after the close of the year, and had ever since remained on file; and that sixty to ninety days from the end of the year was a reasonable time within which to obtain from its connecting lines the information and *data* required to make up the report, and that in this instance it was impossible, for the want of said information and *data* not under or in its control, for appellant to make and file the report within sixty days next after October 1, 1881.

It set up that the state did not claim that the delay complained of was either wilful or negligent, or that the state had suffered any loss or damage thereby; that time was not of the essence of the law's requirement, but that the object was to furnish the state annually the information required in the reports, and if furnished

within a reasonable time after the 1st of October (considering the difficulties in procuring the information and *data* for the report), the object of the law was accomplished within its spirit.

It insisted that the receipt and filing of the report by the comptroller, without objection, was a waiver of the state's right to insist on the penalty claimed.

To this answer appellee excepted generally, on the ground that the facts set up in the answer constituted no defense, and, specially, because the court had no power to declare the statute unreasonable.

The court sustained appellee's exceptions to so much of appellant's answer as set up the unreasonableness of the time within which the report was required to be filed, and then rendered judgment for the penalty claimed.

*Baker, Botts & Baker,* for appellant, cited: Maryland *v.* B. & O. R. R. Co., 3 How., 552; Etter *v.* T. & P. R. R. Co., vol. 2, No. 23½, 357, Tex. Law Journal; Underwood *v.* Russell *et al.,* 4 Tex., 175; Hamilton *v.* Ward, 4 Tex., 357; Smith *v.* Perry, 18 Tex., 510; 3 Stew. & Porter (Ala.), 42; 1 Litt. (Ky.), 253.

*James C. Burts,* Assistant Attorney-General, and *M. C. Oliver,* County Attorney, for the state.

WEST, ASSOCIATE JUSTICE.— The evidence discloses, and it is in fact admitted on all hands, that the appellant failed to comply with the provisions of the Revised Statutes, art. 4249, requiring it to make its report annually, within the time specified in the statute.

It is set up, however, by way of defense, that the report so required was, in fact, filed in the comptroller's office shortly after the time fixed by the law. The law required it to be filed on the 20th of October, and it was in fact filed in the December following.

It was further answered that no injury resulted to the appellee, or to any one else, from the delay, which, it is alleged, was unavoidable. Furthermore, that the report when made was entirely satisfactory in its character, and was received and filed by the proper authorities of the state. Such a defense, in a suit of this kind instituted by the state, cannot be heard.

The legislature, in so many terms, without any limitation or exception, has required the report to be filed within a certain specified period of time. If this is not done, it declares without qualification, and in the most explicit terms, that the penalty (R. S., art. 4250) prescribed will be exacted.

It is no answer to a suit by the state for such penalty for the delinquent corporation to say, in response to such judicial demand, that while the failure to comply with the law is admitted, no recovery can be had unless the state can show that it has been in some manner damaged by such failure or delay of such corporation in making the required report. There is no pretense that the act in question is unconstitutional.

Nor is it contended that the legislature did not have the power to enact the law now under consideration. Nor is it alleged to be harsh or unreasonable in its requirements.

Such being the case, we are aware of no authority in this or any court to declare such law void, and in effect to repeal or annul it, by refusing to execute it, except in such cases as are, in the judgment of the court, proper ones for its enforcement.

So long as the law remains on the statute book, it is the office of the judicial department to enforce it. Our duty is not to inquire into its wisdom, or the difficulty that appellant experienced in attempting to comply with it, but to enforce it just as we find it to exist. Cooley's Const. Lim. (5th ed.), top pp. 201, 202, marginal pp. 168, 169, notes 1 and 2, with cases there cited; Sedgwick on the Construction of Const. & Stat. Law (2d ed., Pomeroy's), top pp. 179, 180, and notes, and cases there cited. See, also, on the construction of statutes, the case of Laughter v. Seela, 59 Tex., 185, 186.

If, however, the merits of the special defense set up could be inquired into, we do not think it furnishes a sufficient reason for the failure of the appellant to discharge the plain duty enjoined upon it by law.

The judgment of the district court is affirmed.

AFFIRMED.

[Opinion delivered March 25, 1884.]